**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARSHOD MEHTA, an individual and KAUSHIKA MEHTA,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>CITY OF UPLAND, a public entity; et al.,<br><br>Defendants-Appellees. | No.  17-55553<br><br>D.C. No.<br>5:15-cv-01164-VAP-DTB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Submitted August 29, 2018[**]
Pasadena, California

Before:  WARDLAW, BYBEE, and IKUTA, Circuit Judges.

Harshod and Kaushika Mehta appeal the district court's grant of summary

judgment in favor of Officer Lavell Brown and the City of Upland ("Defendants")

on their 42 U.S.C. § 1983 claim for excessive force and on their state law claims

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for negligence, battery, and loss of consortium. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review an order granting summary judgment *de novo*. *Scheuring v. Traylor Bros.*, 476 F.3d 781, 784 (9th Cir. 2007). Summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). By its terms, "this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original).

**1.** Harshod Mehta alleges, under 42 U.S.C. § 1983, that Officer Brown violated the Fourth, Eighth, and Fourteenth amendments by using excessive force when he pulled Mehta from his car and onto the ground.

Claims for excessive force are analyzed under the Fourth Amendment's prohibition against unreasonable seizures. *Graham v. Connor*, 490 U.S. 386, 394 (1989). The reasonableness of a seizure turns on "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Id.* at 397. To determine whether a specific use of force was reasonable, we must

2

balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (internal quotations and citation omitted).

We turn first to the nature and quality of the intrusion on Mehta's Fourth Amendment interests by assessing the "type and amount of force inflicted." *Young v. Cty. of Los Angeles*, 655 F.3d 1156, 1161 (9th Cir. 2011) (citation omitted). After carjacking another victim's car, a fleeing felon led police through a dangerous car chase that ended when he crashed into Mehta's car.[1] Police encircled the car while the suspect remained inside. Observing that Mehta was at risk of being caught in crossfire or taken hostage,[2] Officer Brown approached Mehta's car with a gun in his hand pointing at Mehta, and signaled for Mehta to open his door and unbuckle his seatbelt. Mehta unlocked the door, while Officer Brown continued to aim the gun at his side. According to Mehta, Officer Brown aimed the gun at his face, and then pulled Mehta from his car and pushed him to

---

[1] Mehta attempts to manufacture a dispute over whether or not Officer Brown actually witnessed the crash, but has produced no evidence to contravene that presented by Defendants. The district court appropriately accepted as true the fact that Officer Brown witnessed the car crash.

[2] Mehta argues that Officer Brown's actions were motivated by a mistaken belief that Mehta was the criminal, rather than a desire to save Mehta from a potentially life-threatening situation. However, Mehta has not pointed to evidence sufficient to create a genuine issue of material fact on this point. *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996).

the ground, breaking Mehta's thumb in the process. Mehta alleges that after being thrown to the ground, Officer Brown aimed his gun at Mehta's head from about a foot-and-a-half away. Officer Brown then dragged Mehta to cover behind the rear tires of his car and later to safety on the side of the road.

The amount of force exerted by Officer Brown against Mehta thus consisted of aiming a gun at him, pulling him from his car, shoving him to the ground, and subsequently dragging him across the road. The nature and quality of this intrusion is "less significant than most claims of force." *See Forrester v. City of San Diego*, 25 F.3d 804, 807–08 (9th Cir. 1994) (describing the use of pain compliance techniques on nonresisting abortion protestors, which resulted in bruises, a pinched nerve, and a broken wrist, as a "minimal" use of force). Officer Brown's brief use of a gun pointed in Mehta's direction does not change this analysis. *Cf. Espinosa v. City & Cty. of San Francisco*, 598 F.3d 528, 532–33, 537 (9th Cir. 2010) (finding high level of force used when several officers cornered suspect in attic, pointed loaded guns at that suspect, and ordered him to put his hands up, eventually fatally shooting him).

In comparison, the government had a strong interest in arresting those suspected of committing felonies and in protecting the safety of the officers and public. Mehta's presence in his car not only impeded the officers' ability to

apprehend their suspect, but also posed a severe risk to Mehta's own safety and that of the officers who would be forced to maneuver around Mehta while engaging with a hostile suspect. Eliminating such a threat to officer or public safety is among the "most important" governmental interests justifying the use of force. *Young*, 655 F.3d at 1163.

When the intrusion on Mehta's Fourth Amendment interests are thus weighed against the strength of the governmental interest, there exists no genuine issue for trial. The type and amount of force inflicted on Mehta was low, and was justified by the government's strong interest in public and officer safety. The district court correctly found that no rational trier of fact could find for Mehta, and appropriately granted summary judgment.

**2.** Even if Officer Brown's actions did constitute excessive force, Plaintiffs' claims would still fail because Officer Brown is entitled to qualified immunity. An officer's entitlement to qualified immunity is reviewed *de novo* on appeal. *Glenn v. Washington Cty.*, 673 F.3d 864, 870 (9th Cir. 2011).

If the court determines that an officer's conduct amounts to a violation of a constitutional right, the court must then determine whether the officer is entitled to qualified immunity. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). An officer is entitled to qualified

immunity if the right at issue was not "clearly established" at the time of the violation. *Id.* at 243–44. To be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Assuming for the sake of argument that Officer Brown's conduct amounted to excessive force in violation of Mehta's Fourth Amendment rights, Officer Brown would nevertheless be entitled to qualified immunity because the right allegedly violated was not clearly established under preexisting law. Mehta has not identified, and we are not aware of, "any case demonstrating a clearly established rule prohibiting the officer from acting as he did." *Saucier*, 533 U.S. at 209. An officer in Officer Brown's situation could reasonably believe that the amount of force he used was lawful to ensure the safety of both officers and the public. The district court, therefore, correctly held that Officer Brown was entitled to qualified immunity.

3.     Mehta also contends that the district court incorrectly granted summary judgment on his state law claims for negligence and battery. Under California law, in a battery claim against a police officer, the plaintiff must prove that the officer acted with unreasonable force under the Fourth Amendment's "objective reasonableness" standard. *Edson v. City of Anaheim*, 74 Cal. Rptr. 2d 614, 616

6

(Cal. Ct. App. 1998). Because Officer Brown's use of force was objectively reasonable, the district court correctly granted summary judgment on Mehta's battery claim.

For Mehta's negligence claim, California law uses Fourth Amendment standards to make a reasonableness determination as to whether a police officer acted with neglect. *Brown v. Ransweiler*, 89 Cal. Rptr. 3d 801, 817 (Cal. Ct. App. 2009) (holding that if an officer's "use of . . . force [was] objectively reasonable under the circumstances," then the officer "met his duty to use reasonable care . . . and, as a matter of law, cannot be found to have been negligent in this regard" (internal quotations and citation omitted)). Because Officer Brown's use of force was objectively reasonable under the circumstances, the district court correctly held that Officer Brown cannot, as a matter of law, be found negligent in this regard.

**4.** Lastly, Kaushika Mehta contests the district court's grant of summary judgment on her claim for loss of consortium. A claim for loss of consortium "is, by its nature, dependent on the existence of a cause of action for tortious injury to a spouse." *Hahn v. Mirda*, 54 Cal. Rptr. 3d 527, 531 (Cal. Ct. App. 2007). Indeed, Mehta concedes that her loss of consortium claim "rises and falls with those of her husband." Because the district court correctly granted summary judgment on

Harshod Mehta's negligence, battery, and § 1983 claims, the district court correctly

granted summary judgment against Kaushika Mehta's claim for loss of consortium.

Accordingly, the judgment of the district court is **AFFIRMED**.